891 F.2d 295
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James W. MENEFIELD, Plaintiff-Appellant,
v.
James ROWLAND, Robert Borg, et al., Defendants-Appellees.
 No. 89-15536.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 8, 1989.*
Decided Dec. 4, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Menefield, a California state prisoner, filed pro se a 42 U.S.C. § 1983 action in district court alleging that his constitutional rights were violated when he was assaulted twice by correctional officers and transferred to administrative segregation in retaliation for complaining about the assaults. Menefield sought a preliminary injunction to enjoin the correctional officers from further harassing him. Adopting the magistrate's findings and recommendations, the district court denied Menefield's motion for preliminary injunctive relief. Menefield now appeals pro se from the district court's judgment.
 
 
 3
 * The legal principles governing a request for preliminary injunctive relief are well-settled. To prevail, the moving party must demonstrate either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir.1985) (quotation omitted). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. If no irreparable harm is shown, then there is no need to examine the likelihood of success on the merits. Id.
 
 
 4
 Menefield alleges that preliminary injunctive relief is appropriate because he will suffer irreparable harm in its absence. In support of his allegations, Menefield submitted affidavits in which he declares, among other things, that his cell has been "ransacked" by one of the defendants and that he has been cited for numerous rule violations since filing this action. The district court adopted the magistrate's finding that these affidavits do not demonstrate a threat of irreparable harm to Menefield and denied his motion for preliminary injunctive relief.
 
 
 5
 When reviewing an order issuing or denying a preliminary injunction
 
 
 6
 an appellate court must determine whether the district court applied the proper legal standard in issuing the injunction and whether it abused its discretion in applying that standard ... the district court's decision will not be reversed merely because the appellate court would have arrived at a different result if it had initially applied the law to the facts of the case.
 
 
 7
 Caribbean Marine Services Co. v. Baldrige, 844 F.2d 668, 673 (9th Cir.1988). We conclude that the district court applied the proper standard and did not abuse its discretion in denying Menefield a preliminary injunction.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3